UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JEANNETTE MARTELLO,<br><br>Plaintiff/Relator,<br><br>v.<br><br>PETER LEE, et al.,<br><br>Defendants. | No. 2:17–cv–1468–MCE–KJN PS<br><br>ORDER<br><br>(ECF No. 31) |

In July 2017, plaintiff/relator[1] brought this *qui tam* action on behalf of the United States under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733. (ECF No. 1.) On August 6, 2020, the government filed its notice of election to decline intervention pursuant to 31 U.S.C. § 3730(b)(4)(B). (ECF No. 21.) On October 14, 2020, given the government's election not to intervene, relator filed a Request for Dismissal Without Prejudice, requesting that this case be dismissed without prejudice. (ECF No. 31.) The FCA provides that a *qui tam* action "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." 31 U.S.C. § 3730(b)(1). The Ninth Circuit has held that this consent provision only applies during the initial period in which the government is deciding

---

[1] Because relator is now appearing pro se, this action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

whether to intervene in the *qui tam* action.  U.S. ex rel. Killingsworth v. Northrop Corp., 25 F.3d 715, 722-23 (9th Cir. 1994) ("[T]he government's consent to dismissal is only required during the initial sixty-day (or extended) period in which the government may decide whether to intervene."); see United States v. Northrop Corp., 59 F.3d 953, 959 (9th Cir. 1995).

However, after receiving the government's notice of election not to intervene, on August 11, 2020, the court issued an order (proposed by the government) stating, as relevant, that "the action may be dismissed only if the Court and the Attorney General give written consent to the dismissal and their reasons for consenting," and that "should . . . the relator . . . propose that this action be dismissed, settled, or otherwise discontinued, this Court [shall] provide the United States with notice and an opportunity to be heard before ruling or granting its approval."  (ECF No. 22 at 2.)

Abiding by the terms of that order, the United States is hereby given notice of relator's proposal to voluntarily dismiss this action without prejudice, which has also been served upon the government (ECF No. 31 at 4).  The United States is ordered to respond within 30 days of the date of entry of this order to either give its written consent to the dismissal along with its reasons for consenting, or to object and request a hearing on the matter.

**ORDER**

It is HEREBY ORDERED that:

1. Within 30 days of the date of entry of this order, the United States shall either give its written consent to the dismissal of this action along with its reasons for consenting, or to file an objection and request a hearing on the matter.

Dated:  October 20, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mart.1468